Mr. Michael T. Sherwood Attorney at Law 300 Spring Building, Suite 500 Little Rock, Arkansas 72201-0320
Dear Mr. Sherwood:
This is in response to your request for an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B), on whether the Little Rock School District's decision not to release certain information in the personnel file of an employee of the School District is correct under the "Freedom of Information Act" ("FOIA") (A.C.A. 25-19-101
to -107 (Repl. 1992)). In the correspondence attached to your request, it is indicated that the School District intends to release certain documents from the employee's personnel file, with the social security number, date of birth and address of the employee deleted. Specifically, it is indicated that the School District will not release the home address of the employee "based on a letter dated 4-30-93, from [the employee's attorney], indicating that the physical whereabouts of [the employee] should not be disclosed."
It is my understanding from discussions with you that while you do not disagree with the School District's determination of the releasability of each of the documents in the personnel file, you do take issue with the School District's decision not to release the employee's address. Specifically, you state that "I have not found any law that allows the refusal of the release of certain information based on a letter from an attorney." You ask my review of the School District's decision to excise the employee's address from the personnel file.
It is my opinion that the School District's decision to excise the employee's address from the documents in the personnel file may be contrary to the Freedom of Information Act if the address is one that is listed in a directory service. If, however, the address is unlisted or is protected by a court order, it is not subject to public disclosure and a decision to excise it from the personnel file would be consistent with the FOIA.
Personnel records are exempt under the FOIA only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b)(10). A blanket denial of access to personnel records is therefore contrary to the FOIA. Rather, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted from personnel records and the remainder of the records made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. Federal courts have held that a balancing test should be employed to determine the issue of whether a "clearly unwarranted invasion of personal privacy" exists. In this test, the privacy interest of the employee is weighed against the public interest in disclosure. At least one court first determines whether the privacy interest is "substantial" as opposed to "de minimus". If the former, then the privacy interest is weighed against the public interest in disclosure to determine if disclosure would constitute a clearly unwarranted invasion of personal privacy. If the latter, (if the privacy interest is de minimus) the information is disclosable, and that is the end of the analysis. National Association of Retired Employees v. Horner, 879 F.2d 873 (D.C. Cir. 1989), cert. denied, 110 S.Ct. 1805, 108 L.Ed.2d (1990).
In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
While neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal" under 25-19-105, the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in discussing a constitutional right to nondisclosure of personal matters. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington Post Co.,456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
In Op. Att'y Gen. 90-335, a copy of which is attached, it was concluded that disclosure of the fact that someone is a public employee and the address of that employee is not normally the type of information which constitutes "intimate details" of a person's life, or which would subject the person to embarrassment, harassment, disgrace and loss of employment or friends.[1]
It was also noted in that opinion, however, that "unlisted addresses" should be censored from release of otherwise disclosable information. An "unlisted address" was defined as one that the individual in question has requested not to be given out through directory services. See Op. Att'y Gen. 93-335 at 2. See also Op. Att'y Gen. 88-051.
As a final consideration, it should also be noted that25-19-105(b)(8) exempts from public disclosure documents which are protected by order or rule of the court. You note that the attorney for the School District employee in question has sent a letter to the District requesting that the employee's home address not be released. While I have not been provided a copy of the letter from the attorney and thus do not know the basis for his request, it is my opinion that if his request is based upon a court order to that effect, the employee's address would, of course, be exempt from public disclosure. I lack sufficient information, however, to make this determination. It is one, rather, which must be made on a case-by-case basis by the records custodian.
In sum, it is my opinion that the School District's decision to excise the address of the employee from the documents in the personnel file is inconsistent with the FOIA unless the address is unlisted or has been ordered protected from disclosure by a court of competent jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] It was noted, however, that there may be exceptions to this general rule for certain types of public employees, such as prison guards or other persons involved in the criminal justice system.